# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

**DENISE THURMOND**

    Plaintiff,

    v.

**FORD MOTOR COMPANY,**

    Defendant.

_____/

CASE NO: 1:19-cv-00955

JUDGE MATTHEW W. MCFARLAND
MAGISTRATE JUDGE STEPHANIE K. BOWMAN

## DEFENDANT FORD MOTOR COMPANY'S MOTION TO DISMISS FOR FAILURE TO PROSECUTE

Defendant Ford Motor Company, by and through its counsel, hereby moves to dismiss with prejudice this lawsuit brought by *pro se* Plaintiff Denise Thurmond for failure to prosecute pursuant to Rules 37(b) and 41(b) of the Federal Rules of Civil Procedure. For the reasons more fully set forth in the attached memorandum, Defendant's Motion to Dismiss for Failure to Prosecute should be granted.

Dated this 19th day of January 2021.

Respectfully submitted,

*/s/ Ronald G. Linville*
Ronald G. Linville (0025803)
Martina T. Ellerbe (0096760)
BAKER & HOSTETLER LLP
200 Civic Center Drive, Suite 1200
Columbus, Ohio 43215
(614) 462-2614 (telephone)
(614) 462-2616 (facsimile)
rlinville@bakerlaw.com
mellerbe@bakerlaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

**DENISE THURMOND**

    Plaintiff,

    v.

**FORD MOTOR COMPANY,**

    Defendant.

_____/

CASE NO: 1:19-cv-00955

JUDGE MATTHEW W. MCFARLAND
MAGISTRATE JUDGE STEPHANIE K. BOWMAN

## DEFENDANT FORD MOTOR COMPANY'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO PROSECUTE

### I.    INTRODUCTION AND STATEMENT OF FACTS

On November 8, 2019, Plaintiff Denise Thurmond filed her *pro se* Complaint against Defendant Ford Motor Company ("Ford") in the Court of Common Pleas for Hamilton County, Ohio. On December 9, 2019, Ford removed the action to this Court, and it was docketed as Case No. 1:19-cv-01039.

On November 11, 2019, Ford filed a Motion to Consolidate Case No. 1:19-cv-01039 and Case No. 1:19-cv-00955 because both cases were docketed in this Court and called for a determination of the same or substantially identical questions of law or fact. Specifically, both cases were based on the same charge of discrimination and the identical Dismissal and Notice of Rights issued by the Equal Employment Opportunity Commission. On June 15, 2020, the cases were consolidated, and on June 16, 2020, Case No. 1:19-cv-01039 was terminated.

On August 5, 2020, despite the Court's attempt to contact Plaintiff, she failed to appear at the Court's scheduling conference with Magistrate Judge Stephanie Bowman. (*See* Docket Minute Entry). In addition, Ford conferred in good faith with Plaintiff about her untimely Fed. R. Civ. P.

26(a) disclosures on October 20, 2020, November 3, 2020, and November 24, 2020; Plaintiff has still failed to provide Ford with her initial disclosures, which were due on July 23, 2020. (*See* Declaration of Martina T. Ellerbe).

On November 11, 2020, pursuant to Fed. R. Civ. P. 33 and 34, Ford served Plaintiff with written interrogatories and requests for production of documents. Notwithstanding Ford's December 29, 2020 letter requesting Plaintiff's immediate responses to its discovery requests, Plaintiff has yet to provide any written responses or documents. (*See* Declaration of Martina T. Ellerbe). As a result, Ford cancelled her deposition scheduled for January 6, 2021. (*See* Declaration of Martina T. Ellerbe). On December 30, 2020, Ford informed Plaintiff that her deposition was cancelled because she has yet to provide Ford with her responses to its discovery requests. Ford followed by sending Plaintiff a letter documenting the conversation. (*See* Declaration of Martina T. Ellerbe).

As explained above and demonstrated in the attached exhibits, Ford has in good faith conferred or attempted to confer with Plaintiff in an effort to resolve this discovery dispute without Court action. Further, through Ford's several good faith efforts to resolve this discovery dispute, Ford has exhausted all extrajudicial means for resolving its differences with Plaintiff. To date, Ford has not received any responses to its interrogatories or requests for production of documents. Plaintiff's initial disclosures are approximately five months late and her discovery responses are approximately five weeks late.

## II. **APPLICABLE LEGAL STANDARDS**

Fed. R. Civ. P. 37(b)(2)(A) generally provides that a court may impose sanctions upon a party who fails to obey an order to provide or permit discovery. Similarly, Fed. R. Civ. P. 37(d)(1)(A) provides that a court may impose sanctions upon a party for failing to respond to

interrogatories. Among the possible sanctions a court may impose is "dismissing the action or proceeding in whole or part…" (Fed. R. Civ. P. 37(b)(2)(A)(v)).

In addition, Fed. R. Civ. P. 41(b) states in relevant part that, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." (*See Mitchell v. Tri-Health, Inc.*, No. 11-318-HJW-JGW, 2012 U.S. Dist. LEXIS 82387, at *2-4 (S.D. Ohio June 13, 2012)). A dismissal under Fed. R. Civ. P. 41(b) operates as an adjudication of the merits. (Fed. R. Civ. P. 41(b)).

There are four factors that guide the consideration of whether to dismiss a complaint as a sanction for noncompliance with discovery obligations/failure to prosecute:

> (1) whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's failure to cooperate in discovery; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

(*Mitchell.*, No. 11-318-HJW-JGW, 2012 U.S. Dist. LEXIS 82387, at *4). "'Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct.'" (*Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008) (quoting *Knoll v. AT&T*, 176 F.3d 359, 363 (6th Cir. 1999))). Further, "[w]hile *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues," they have an affirmative duty to diligently pursue the prosecution of their cause of action and are held to the same standards as other litigants when it comes to easily understood deadlines, rules, and procedures. (*Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991); *Famularcano v. SanMar Corp.*, No. 1:10-cv-511, 2012 WL 4180417, at *2 (S.D. Ohio Sept. 18, 2012); *Eddins v. Dep't of Ohio Veterans of Foreign Wars*, No. 1:12-cv-48, 2012 WL 1987162, at *1 (S.D. Ohio June 4, 2012)).

### III.  LEGAL ARGUMENT

####   A.  Dismissal Pursuant to Rule 37(b) and 41(b) is Warranted Because Plaintiff Has Failed to Take Any Action to Prosecute Her Case.

Other than complying with her Fed. R. Civ. P. 26(f) obligation, Plaintiff has failed to proceed in any fashion to prosecute this case. Plaintiff has put forth no effort to participate in discovery, and her complete failure to cooperate in any discovery can only be construed as demonstrating bad faith and/or a willful intent to unduly delay resolution of this action. (*Mitchell*, No. 11-318-HJW-JGW, 2012 U.S. Dist. LEXIS 82387, at *4). Further, Ford was prejudiced by Plaintiff's failure to attend the scheduling conference, her failure to provide initial disclosures, her failure to respond to written discovery requests, and her failure to prosecute this case after Ford's multiple good faith attempts to communicate with her on a number of occasions. (*See Daisy v. KAO Brands Co.*, No. 1:11-cv-366, 2012 U.S. Dist. LEXIS 85856, at *4 (S.D. Ohio June 21, 2012)).

Although Plaintiff has not been previously warned by the Court that a failure to prosecute or to cooperate in discovery could lead to dismissal of this action, her failure to meaningfully participate in this case is well documented in the attached exhibits and through her failure to respond to Ford's several attempts to confer with her in good faith. Moreover, the cancelling of her scheduled deposition and Ford's December 29, 2020 letter requesting immediate responses to its discovery requests should have alerted Plaintiff to the possibility that her inaction could lead to a dismissal of this case. "In short, the lack of a specific prior warning does not mean that a case cannot be dismissed for failure to prosecute." (*Mitchell*, No. 11-318-HJW-JGW, 2012 U.S. Dist. LEXIS 82387, at *6-7).

Importantly, there is no fixed period of time that must elapse before Plaintiff's failure to prosecute becomes substantial enough to warrant dismissal. The inactivity of a plaintiff for four

months has been found sufficient to warrant dismissal. (*Sims v. Charter One Bank*, No. 3:10-cv-2941, 2011 WL 6934806, at *3 (N.D. Ohio Dec. 30, 2011) (holding that plaintiff's failure to act or to communicate with counsel for four months caused "a delay of significant duration" and warranted dismissal under Rule 41(b))). Other courts have held that delays between five months to eight months are sufficient to warrant dismissal. (*See e.g.*, *Goodrum v. Wal-mart Stores East*, No. 1:14-cv-00016, 2015 WL 1730066, at *2 (W.D. Ky. Apr. 13, 2015) (concluding that a six month delay weighed in favor of dismissal); *Cain v. Simon & Schuster*, 2013 U.S. Dist. LEXIS 55080, at *7 (S.D.N.Y. Apr. 15, 2013) ("In general, failure to prosecute for durations between two and five months have been found to be insufficiently long to weigh in favor of dismissal, while durations of five to eight months are usually sufficient")). Plaintiff's five months of inactivity since the filing of the 26(f) Report demonstrates a plain lack of diligence in pursuing her claims. Accordingly, Plaintiff's Complaint should be dismissed with prejudice for failure to prosecute.

## IV. CONCLUSION

For the foregoing reasons, Ford respectfully requests that the Court dismiss Plaintiff's Complaint with prejudice for failure to prosecute. A proposed Order is provided for the Court's consideration.

Dated this 19th day of January 2021.

Respectfully submitted,

*/s/ Ronald G. Linville*
Ronald G. Linville (0025803)
Martina T. Ellerbe (0096760)
BAKER & HOSTETLER LLP
200 Civic Center Drive, Suite 1200
Columbus, Ohio 43215
(614) 462-2614 (telephone)
(614) 462-2616 (facsimile)
rlinville@bakerlaw.com
mellerbe@bakerlaw.com

4846-8775-3176.1

**CERTIFICATE OF SERVICE**

I hereby certify that on this 19th day of January 2021, I electronically filed the foregoing Defendant Ford Motor Company's Motion to Dismiss for Failure to Prosecute with the Clerk of the Court using the CM/ECF system and served via U.S. Mail postage prepaid on the following:

Denise Thurmond
211 Owen St.
Hamilton, OH 45011

*Plaintiff (pro se)*

                                                      */s/ Ronald G. Linville*
                                                      Ronald G. Linville

                                                      *Attorney for Defendant Ford Motor Company*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

**DENISE THURMOND**

    Plaintiff,

    v.

**FORD MOTOR COMPANY,**

    Defendant.
_____/

CASE NO: 1:19-cv-00955

JUDGE MATTHEW W. MCFARLAND
MAGISTRATE JUDGE STEPHANIE K. BOWMAN

**[PROPOSED] ORDER GRANTING DEFENDANT FORD MOTOR COMPANY'S MOTION TO DISMISS FOR FAILURE TO PROSECUTE**

This matter is before the Court on Defendant Ford Motor Company's Motion to Dismiss for Failure to Prosecute, which was filed on January 19, 2021.

After having carefully considered the Motion to Dismiss and all other pleadings and papers relating thereto, the Court **GRANTS** Defendant Ford Motor Company's Motion to Dismiss and hereby dismisses this lawsuit with prejudice.

    **IT IS SO ORDERED.**


Dated: _____        _____
                                                              UNITED STATES DISTRICT JUDGE