# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

DENISE THURMOND,   Civil Action No. 1:19-cv-955

    Plaintiff,   McFarland, J.
                                             Bowman, M.J

   vs.

FORD MOTOR COMPANY,

    Defendant.

## REPORT AND RECOMMENDATION
## and
## ORDER

This civil action is now before the Court on Defendant's motions to dismiss Plaintiff's complaint for failure to prosecute (Doc. 23) and the parties' responsive memoranda. (Docs. 24, 27). Defendant's motion is not well-taken at this time.

On November 8, 2019, Plaintiff Denise Thurmond filed her pro se Complaint against Defendant Ford Motor Company ("Ford") in the Court of Common Pleas for Hamilton County, Ohio. On December 9, 2019, Ford removed the action to this Court, and it was docketed as Case No. 1:19-cv-01039.

On November 11, 2019, Ford filed a Motion to Consolidate Case No. 1:19-cv-01039 and Case No. 1:19-cv-00955 because both cases were docketed in this Court and called for a determination of the same or substantially identical questions of law or fact. Specifically, both cases were based on the same charge of discrimination and the identical Dismissal and Notice of Rights issued by the Equal Employment Opportunity Commission. On June 15, 2020, the cases were consolidated, and on June 16, 2020, Case No. 1:19-cv-01039 was terminated.

1

On August 5, 2020, despite the Court's attempt to contact Plaintiff, she failed to appear at the Court's scheduling conference with Magistrate Judge Stephanie Bowman. (See Docket Minute Entry). In addition, Ford conferred in good faith with Plaintiff about her untimely Fed. R. Civ. P. 26(a) disclosures on October 20, 2020, November 3, 2020, and November 24, 2020; Plaintiff has still failed to provide Ford with her initial disclosures, which were due on July 23, 2020. (See Declaration of Martina T. Ellerbe).

On November 11, 2020, pursuant to Fed. R. Civ. P. 33 and 34, Ford served Plaintiff with written interrogatories and requests for production of documents. Notwithstanding Ford's December 29, 2020 letter requesting Plaintiff's immediate responses to its discovery requests, Plaintiff has yet to provide any written responses or documents. (See Declaration of Martina T. Ellerbe). As a result, Ford cancelled her deposition scheduled for January 6, 2021. (See Declaration of Martina T. Ellerbe). On December 30, 2020, Ford informed Plaintiff that her deposition was cancelled because she has yet to provide Ford with her responses to its discovery requests. Ford followed by sending Plaintiff a letter documenting the conversation. (See Declaration of Martina T. Ellerbe).

In light of Plaintiff's failure to respond to Ford's discovery requests, Ford now seeks to dismiss Plaintiff's complaint for failure to prosecute pursuant to Rules 37(b) and 41(b) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 37(b)(2)(A) generally provides that a court may impose sanctions upon a party who fails to obey an order to provide or permit discovery. Similarly, Fed. R. Civ. P. 37(d)(1)(A) provides that a court may impose sanctions upon a party for failing to respond to interrogatories. Among the

possible sanctions a court may impose is "dismissing the action or proceeding in whole or part…" (Fed. R. Civ. P. 37(b)(2)(A)(v)). In addition, Fed. R. Civ. P. 41(b) states in relevant part that, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." (See *Mitchell v. Tri-Health, Inc.,* No. 11-318-HJW-JGW, 2012 U.S. Dist. LEXIS 82387, at *2-4 (S.D. Ohio June 13, 2012)). A dismissal under Fed. R. Civ. P. 41(b) operates as an adjudication of the merits. (Fed. R. Civ. P. 41(b)).

The Sixth Circuit has explained that prior to considering discovery sanctions, a trial court should consider: (1) whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the opposing party's failure to cooperate in discovery; (3) whether the sanctioned party was warned that failure to cooperate could lead to severe sanctions; and (4) whether less drastic sanctions were imposed or considered. *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 366-67 (6th Cir. 1997) *Lucas v. Telemarketer Calling From (407) 476-5680 & Other Tel. Numbers*, No. 1:12-CV-630, 2020 WL 6390059, at *2 (S.D. Ohio Nov. 2, 2020), *report and recommendation adopted,* No. 1:12-CV-630, 2020 WL 7028527 (S.D. Ohio Nov. 30, 2020), *vacated* (Dec. 1, 2020), and *report and recommendation adopted,* No. 1:12-CV-630, 2020 WL 7059675 (S.D. Ohio Dec. 1, 2020)

Here, applying those factors, the undersigned finds that dismissal, as a sanction, is unwarranted at this time. The undersigned's Standing Orders outline the proper procedure to resolve discovery disputes. [1] Notably, Ford should have contacted to the court to schedule and informal discovery conference after exhausting all extra judicial

---

[1] See https://www.ohsd.uscourts.gov/sites/ohsd/files//Standing%20Orders%20SKB%20030315.pdf

means of resolving the discovery dispute. At that point, if the Court and the parties were unable to resolve the dispute informally, Ford could then seek permission from the Court to file a formal motion to compel.

Plaintiff is hereby cautioned that ignoring Court orders and failing to prosecute this case, including failing to respond to Defendant's discovery requests will result in sanctions, which could include a dismissal of this case.

Based on the foregoing, it is therefore **RECOMMENDED** that Defendant's motion to dismiss (Doc. 23) be **DENIED.**

*s/Stephanie K. Bowman*  
Stephanie K. Bowman  
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| DENISE THURMOND, | Civil Action No. 1:19-cv-955 |
| Plaintiff, | McFarland, J. |
| | Bowman, M.J |
| vs. | |
| FORD MOTOR COMPANY, | |
| Defendant. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).