UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DENISE THURMOND,                    Civil Action No. 1:19-cv-955

    Plaintiff,                                 McFarland, J.
                                             Bowman, M.J

    vs.

FORD MOTOR COMPANY,

    Defendant.

## REPORT AND RECOMMENDATION

This civil action is now before the Court on Defendants' second motion to dismiss Plaintiff's complaint for failure to prosecute pursuant to Rules 37(b) and 41(b) of the Federal Rules of Civil Procedure, with prejudice (Doc. 32) and the parties' responsive memoranda.[1] (Docs. 33, 37). Defendant's motions are well-taken.

On November 8, 2019, Plaintiff Denise Thurmond filed her pro se Complaint against Defendant Ford Motor Company ("Defendant") in the Court of Common Pleas for Hamilton County, Ohio. On December 9, 2019, Defendant removed the action to this Court, and it was docketed as Case No. 1:19-cv-01039.

On November 11, 2019, Defendant filed a Motion to Consolidate Case No. 1:19-cv-01039 and Case No. 1:19-cv-00955 because both cases were docketed in this Court and called for a determination of the same or substantially identical questions of law or fact. Specifically, both cases were based on the same charge of discrimination and the identical Dismissal and Notice of Rights issued by the Equal Employment Opportunity Commission. On June 15, 2020, the cases were consolidated, and on June 16, 2020,

---

[1] Defendant also renewed its Motion to Dismiss on January 18, 2022. (See Doc. 45).

1

Case No. 1:19-cv-01039 was terminated.

On August 5, 2020, despite the Court's attempt to contact Plaintiff, she failed to appear at the Court's scheduling conference with the undersigned. (See Docket Minute Entry). In addition, Defendant conferred in good faith with Plaintiff about her untimely Fed. R. Civ. P. 26(a) disclosures on October 20, 2020, November 3, 2020, and November 24, 2020; Plaintiff has still failed to provide Defendant with her initial disclosures, which were due on July 23, 2020. (Doc. 45, Ex. A, Declaration of Martina T. Ellerbe).

On November 11, 2020, pursuant to Fed. R. Civ. P. 33 and 34, Defendant served Plaintiff with written interrogatories and requests for production of documents. Notwithstanding Defendant's December 29, 2020, letter requesting Plaintiff's immediate responses to its discovery requests, Plaintiff has yet to provide any written responses or documents. Id. As a result, Defendant cancelled her deposition scheduled for January 6, 2021. Id.

Thereafter, Defendant filed a Motion to Dismiss for Failure to Prosecute on February 8, 2021. (See Doc. 23). The Court denied Defendant's Motion on June 8, 2021 and instructed Defendant's to schedule an informal discovery conference between the parties with the Court's assistance. (See Docs. 28, 31).  Plaintiff was also put on notice that "ignoring Court orders and failing to prosecute this case, including failing to respond to Defendant's discovery requests will result in sanctions, which could include a dismissal of this case." (Doc. 28).

The Court scheduled the informal discovery conference for June 8, 2021. (Order, May 14, 2021, ECF No. 29). At the June 8, 2021, status conference, all parties and the

Court agreed to new dates and the Court amended its Calendar Order: Plaintiff was to respond to Defendant's interrogatory requests, produce documents and make her initial disclosures by July 1, 2021. (See Docket Minute Entry). Plaintiff did not provide the required discovery.

Thereafter, Defendant filed its Second Motion to Dismiss on July 20, 2021. (Doc. 32). The Court held a status conference on October 14, 2021. Defendant was ordered to serve Plaintiff by email with all discovery requests previously served upon the Plaintiff, and Plaintiff was ordered to respond to Defendant's discovery requests by October 28, 2021 both by email and first-class mail. The parties were ordered to file a written report outlining the status of discovery. (See October 15, 2021 Docket Minute Order).

Pursuant to the Court's order, Defendant again served Plaintiff with its First Set of Interrogatories and Requests for Production of Documents on October 14, 2021, both via e-mail and mail. Plaintiff emailed answers to Defendant's interrogatories but did not provide any documents or responses to Defendant's requests for production of documents other than an incomplete and unsigned HIPAA authorization release. (See Doc. 41).

On December 15, 2021, the Court issued a deficiency order requiring Plaintiff, by January 5, 2022, to 1) provide documents or verify that she does not have any other documents responsive to Defendant's requests in her possession; and (2) provide a signed HIPAA authorization release for Dr. Stephen Wilson, including the office address or facility associated with Dr. Wilson. (See Doc. 42). The Order further stated: "Plaintiff is herein put on notice that her failure to fully comply with this Order, by the time

deadline set forth above, will result in a recommendation to the district judge that this matter be dismissed." Plaintiff failed to respond by the January 5, 2022 deadline.

Notably, since the Court issued its order on December 16, 2021, the only item Defendant has received from Plaintiff is an email dated January 11, 2022 with a document attached. (See Doc. 45, Ex. A, Declaration of Lauren M. Larrick). In the document, Plaintiff states she had "no other documents in her possession to give." To-date, Plaintiff has not provided a completed HIPAA authorization release for Dr. Wilson, as ordered by the Court. *Id.*

Thereafter, on January 18, 2022, in light of Plaintiff's failure to comply with the Court's Deficiency Order, Defendant renewed its Motion to Dismiss Plaintiff's complaint for failure to prosecute pursuant to Rules 37(b) and 41(b) of the Federal Rules of Civil Procedure, with prejudice. (See Doc. 45).

As noted by Defendant, Fed. R. Civ. P. 37(b)(2)(A) generally provides that a court may impose sanctions upon a party ty who fails to obey an order to provide or permit discovery. Similarly, Fed. R. Civ. P. 37(d)(1)(A) provides that a court may impose sanctions upon a party for failing to respond to interrogatories. Among the possible sanctions a court may impose is "dismissing the action or proceeding in whole or part…" (Fed. R. Civ. P. 37(b)(2)(A)(v)). In addition, Fed. R. Civ. P. 41(b) states in relevant part that, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." (*See Mitchell v. Tri-Health, Inc.,* No. 11-318-HJW-JGW, 2012 U.S. Dist. LEXIS 82387, at *2-4 (S.D. Ohio June 13, 2012)). A dismissal under Fed. R. Civ. P. 41(b) operates as an adjudication of the merits. (Fed. R. Civ. P. 41(b)).

4

Here, Plaintiff has been explicitly warned by the Court on two occasions that her failure to prosecute this case, including failing to respond to Defendant's discovery requests and ignoring Court orders, would result in dismissal of her case yet she still failed to timely provide documents (or verification that she had no documents) along with the completed HIPAA authorization form for Dr. Wilson. Such inactivity and failure to comply with a court order warrants dismissal. (*See Barron v. Univ. of Mich.*, 613 F. App'x 480 (6th Cir. 2015) (affirming the denial of an employee's discrimination claim after the employee failed to comply with the district court's discovery orders); *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997) (upholding a dismissal for contumacious conduct where the dismissal occurred a year after the defendant served the plaintiff with its original discovery requests and the plaintiff failed to comply with the district court's subsequent order compelling discovery)).

Based on the foregoing, dismissal is warranted based on Plaintiff repeated failure to cooperate in discovery and prosecute this case. Accordingly, it is therefore **RECOMMENDED** that Defendant's motions to dismiss (Docs. 32, 45) be **GRANTED** and this matter **DISMISSED with prejudice.**

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

DENISE THURMOND,　　　　　　　　　　　Civil Action No. 1:19-cv-955

　Plaintiff,　　　　　　　　　　　　　　　McFarland, J.
　　　　　　　　　　　　　　　　　　　　Bowman, M.J
　vs.

FORD MOTOR COMPANY,

　Defendant.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).